UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| DONALD HERB JOHNSON,<br>Petitioner,<br><br>V.<br><br>RANDY WHITE, WARDEN,<br>Respondent. | CIVIL ACTION NO. 7:14-117-KKC<br><br>**OPINION & ORDER** |

Donald Herb Johnson is an inmate who has been sentenced to death. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1). In his habeas petition Johnson raises eight claims for relief. Here, Johnson seeks to supplement the record on at least four of those claims through additional discovery and an evidentiary hearing. (DE 32). Because *Cullen v. Pinholster*, 563 U.S. 170 (2011), applies to Johnson's motion for discovery and an evidentiary hearing, the Court will deny his motion without prejudice at this time and, instead, will consider the motion concurrently with Johnson's habeas petition.

I.

On November 29, 1989, sixty-one year old Helen Madden was beaten, stabbed, mutilated, and tortured to death in the supply storage room of the laundromat where she worked. Petitioner Johnson was subsequently arrested for the crimes. Johnson entered a guilty plea to murder, first-degree robbery, first-degree burglary, and two counts of first-degree sexual abuse. He was sentenced to death on the murder conviction by Floyd County Circuit Court Judge David Caudill.

Johnson appealed his conviction and sentence to the Kentucky Supreme Court. The Kentucky Supreme Court reversed and remanded to the trial court for it to determine

1

whether a retrospective competency hearing was permissible, and if so, to determine whether Johnson was competent to plead guilty. *Johnson v. Commonwealth*, 910 S.W.2d 229 (Ky. 1995). The trial court conducted a retrospective competency hearing and found that Johnson was competent to plead guilty. The Kentucky Supreme Court upheld that finding, as well as Johnson's conviction and sentence. *Johnson v. Commonwealth*, 103 S.W.3d 687 (Ky. 2003). Johnson's conviction and sentence became final when the United States Supreme Court denied certiorari. *Johnson v. Kentucky*, 540 U.S. 986 (2003).

Johnson filed a post-conviction motion in state court seeking relief pursuant to Kentucky Rule of Criminal Procedure 11.42. Johnson sought an evidentiary hearing on the voluntariness of Johnson's guilty plea, but the trial court denied the petition without holding such a hearing. On appeal, the Kentucky Supreme Court reversed the decision not to hold an evidentiary hearing and remanded with instructions for conducting a hearing regarding the voluntariness of Johnson's plea. *Johnson v. Commonwealth*, No. 2006-SC-548-MR, 2008 WL 4270731 (Ky. Sept. 18, 2008). The trial court conducted the hearing and found that Johnson entered his guilty plea voluntarily. The Kentucky Supreme Court affirmed that decision. *Johnson v. Commonwealth*, 412 S.W. 3d 157 (Ky. 2013). Johnson's petition for rehearing was then denied.

## II.

As part of his effort to obtain post-conviction relief in federal court, Johnson asks this Court to permit discovery and to conduct an evidentiary hearing on the following claims asserted in his habeas petition:

**Claims 2, 6, 8: Ineffective Assistance of Counsel:** The first category of relief sought by Johnson relates to his claims of ineffective assistance of counsel. Johnson claims that he was denied effective assistance of counsel (2) in the investigation, preparation, and presentation of evidence impacting the penalty phase of trial, (6) when trial counsel failed to

2

work with experts and when his counsel cut short pre-trial investigation toward establishing Johnson's competency and insanity defense, and (8) when trial counsel failed to move to withdraw Johnson's guilty plea, which was predicated on Johnson's belief that the trial judge would not sentence him to death.

To support these claims, Johnson seeks to depose Dana Bias, who represented Johnson in the penalty phase, Mike Williams, who represented Johnson when he entered his guilty plea, and Kelly Gleason, who also represented Johnson when he entered his guilty plea.[1] Johnson also asks the Court to hold an evidentiary hearing to prove his ineffective assistance claims. Specifically, the purpose of deposing counsel and holding an evidentiary hearing would be "to determine the extent of counsel's investigation and preparation for the mitigation phase of trial," (DE 32, at 6), "to determine whether [counsel's] actions or inactions including investigations were part of their trial strategy," (DE 32, at 7), and "to determine the extent of counsel's investigation and preparation toward determining Johnson's competency to stand trial and the investigation and preparation of an insanity defense." (DE 32, at 8).

Johnson asserts that the Kentucky courts did not permit him to hold evidentiary hearing on his ineffective assistance of counsel claims despite his requests for one (DE 32, at 8, 10). He further asserts that none of the Kentucky courts held evidentiary hearings related to these claims, so he now requests that depositions and an evidentiary hearing be conducted to allow him to supplement his claims for relief.

**Claim 3: Don Johnson was denied due process of law when the trial judge accepted a guilty plea which was not entered knowingly, voluntarily and intelligently.** Second, Johnson alleges that his guilty plea did not comport with the

---

[1] Vince Yustas, an additional attorney who represented Johnson, is deceased.

requirements of due process in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Specifically, Johnson argues that the Kentucky Supreme Court erroneously presumed from a silent record that Johnson waived his constitutional right to be free from self-incrimination when he entered a guilty plea, which he argues is in violation of *Boykin v. Alabama*, 395 U.S. 238 (1969). He seeks relief on the face of the record, but requests that the Court hold an evidentiary hearing and that he be permitted to depose attorneys Gleason and Williams if the government attempts to prove that the plea was knowing and intelligent through extrinsic evidence.

### III.

The United States Supreme Court in *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), recognized that a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Habeas discovery is governed by Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, which states that a habeas petitioner is generally entitled to discovery and an evidentiary hearing if he or she can allege facts that, if proven, would entitle him or her to relief. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (discussing the "good cause" standard related to discovery of Rule 6 of the Rules Governing § 2254 Cases); s*ee also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Bracy*, 520 U.S. 899).

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 and the case law interpreting that statute, however, necessarily affect how discovery is conducted in habeas cases.

Section 2254(a) of Title 28 empowers a federal district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(d), a provision of AEDPA, creates a

4

"purposefully demanding standard," *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), that federal courts must apply to habeas petitions that were adjudicated on the merits in state court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

AEDPA's "demanding" standard applies only with respect to claims that were adjudicated "on the merits" in state court. 28 U.S.C. § 2254(d); *Montgomery*, 654 F.3d at 676. Otherwise, the federal court reviews the claim de novo, unbridled by the deference § 2254(d) requires. *See Porter v. McCollum*, 558 U.S. 30, 39 (2009) ("Because the state court did not decide whether [the prisoner's] counsel was deficient, we review this element of [his] claim de novo."); *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires."); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ( "[O]ur review is not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the [*Strickland* ineffective assistance of counsel] analysis."); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) (holding that, if AEDPA does not require deference to the state court decision, then a court " 'exercise[s] [its] independent judgment' and review[s] the claim de novo") (quoting

5

*Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002)). Section 2254(d), then, creates a threshold issue for federal courts examining a habeas petition: whether the state court adjudicated "on the merits" the claims a petitioner raises in his or her habeas petition. If so, AEDPA applies. If not, no deference is given to the state court determination.

Under certain circumstances 28 U.S.C. § 2254(e)(2) permits a district court to conduct an evidentiary hearing so the petitioner may rebut the presumption of correctness of a state court's factual findings or to support a claim on which the state court has not made any pertinent factual findings. 28 U.S.C. § 2254(e)(2).

This basic landscape was examined by the United States Supreme Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011). In that case, a state prisoner brought a § 2254 petition based on an ineffective assistance claim that had been rejected on the merits in a state collateral proceeding. *Id.* at 177. He argued that counsel was ineffective at the penalty phase of his capital trial because counsel had failed to sufficiently develop mitigating evidence, including evidence that the petitioner suffered from mental disorders. *Id.* The district court conducted an evidentiary hearing at which the petitioner called new mental health experts who had never testified or submitted any opinion in the state court proceedings. *Id.* at 179. The court granted the petitioner habeas relief, and the Ninth Circuit affirmed, concluding that the state court had unreasonably applied the standard for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 180. The Supreme Court granted certiorari to resolve, in part, the question of whether "review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id.* at 180.

In *Pinholster*, the Supreme Court considered the relationship between sections 2254(d)(1) and 2254(e)(2), and held that under § 2254(d)(1), a federal habeas court's review is limited "to the record that was before the state court that adjudicated the claim on the

6

merits." *Id.* at 181–82 ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made.") (internal quotations changed). In other words, the Court held that when § 2254(d) applies—that is, when a state court adjudicated the claim on the merits—a petitioner is "stuck with the record that was before the state court." *See Bourne v. Curtin*, 666 F.3d 411, 415 (6th Cir. 2012) (internal citations omitted).

Regarding § 2254(e)(2), the Supreme Court held that a federal district court should consider whether to grant a substantive evidentiary hearing pursuant to § 2254(e)(2) only if the state court did not decide the issue under review on the merits. *Pinholster*, 563 U.S. at 185–86. Thus, *Pinholster* does not entirely prevent federal courts from conducting evidentiary hearings or allowing discovery on § 2254 claims, rather "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Id.* at 185. In fact, the Supreme Court expressly declined to decide "whether § 2254(e)(2) prohibited the District Court from holding the evidentiary hearing or whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." *Id.* at 203 n. 20.

IV.

With this context, the Court now turns to the issue in this case: whether *Pinholster* applies to Johnson and whether he is entitled to the discovery he requests.

The gravamen of Johnson's argument for why he is entitled to discovery and an evidentiary hearing boils down to two claims. First, Johnson argues that *Pinholster* does not "alter the framework for discovery under Habeas Rule 6," (DE 35, at 5), because "*Pinholster* has nothing to do with discovery." (DE 35, 5). Additionally, Johnson argues that "[a]t this point in the litigation there has been no determination that any of Petitioner's claims are

7

subject to AEDPA limitations on relief under 2254(d)(1)." (DE 35, at 3). This is because, Johnson argues, he "unsuccessfully requested discovery in state post-conviction," (DE 35, at 3), which means that his claims were not fully developed due to Kentucky's inadequate post-conviction procedures. (DE 35, at 3). And because of this failure, Johnson argues that further factual development is needed through an evidentiary hearing and discovery. Respondent argues that *Pinholster* bars the Court from granting Johnson's motion for an evidentiary hearing and discovery because "Johnson cannot pass the threshold requirement under § 2254(d)" for both his ineffective assistance of counsel claims and his due process claim. (DE 33, at 13-14).

The Court takes Johnson's arguments in turn. With respect to his argument that *Pinholster* is irrelevant to discovery requests, the Court finds this unpersuasive. Although *Pinholster* only addressed whether a federal habeas court conducting a § 2254(d) analysis could consider evidence introduced from an *evidentiary hearing*, there is no reason why *Pinholster*'s holding would not apply with equal force to new evidence obtained through *discovery*. *See Hodge v. White*, No. 13-5-DLB-EBA, 2015 WL 205216, at *2 (E.D. Ky. Jan 14, 2015) ("After all, it would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing, but allow him to introduce the same factual information via discovery and expansion of the record.") (internal citations omitted); *Sanders v. White*, No. 03-455-ART, 2015 WL 711262, at *72 (E.D. Ky. Feb. 18, 2015), *vacated in part on reconsideration on other grounds by Sanders v. White*, 2015 WL 4394169 (E.D. Ky. July 15, 2015) ("The same rationale [applying *Pinholster*] governs the decision to deny Sanders' motion for discovery on the claims that the Kentucky Supreme Court decided on the merits."); *Taylor v. Simpson*, No. 06-181-JBC, 2012 WL 404929, at *2 (E.D. Ky. Feb. 6, 2012) (finding that permitting discovery to acquire new evidence would be futile and a waste of judicial

resources if the court cannot consider that evidence in conducting § 2254(d)(1) review). Whether obtained during an evidentiary hearing or through post-conviction discovery, *Pinholster* clearly implies that either form of new evidence has no bearing on a federal court's review under § 2254(d).

Aside from unpersuasively parsing *Pinholster* to find a difference between discovery and evidentiary hearings for the purposes of a § 2254(d) analysis, Johnson's second argument effectively asks this Court to ignore *Pinholster* entirely because its holding is limited to claims subject to § 2254(d). (DE 35, at 5–6) ("[N]othing in *Pinholster* modifies or eliminates the good cause standard for discovery . . . . *Bracy* clearly rejects any requirement that a habeas petitioner demonstrate his entitlement to relief in order to obtain discovery."). Instead, Johnson focuses his argument on the merits of his claim for discovery. But no matter the merits of Johnson's argument, his present motion cannot escape the shadow of *Pinholster*.

As has been established, *Pinholster* prevents the Court from relying upon evidence not considered by the state court of determining whether the state court's adjudication of Johnson's claims were (1) "on the merits," and, if so, (2) whether the adjudication of his claims were unreasonable under § 2254(d). *See Pinholster*, 563 U.S. at 181 ("[R]eview under 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . . It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). While *Pinholster* does not address whether or when district courts may permit discovery or evidentiary hearings, the implications of *Pinholster* necessarily inform, even if they do not instruct, how a habeas court should consider a motion seeking to supplement the record. Accordingly, in determining whether an evidentiary hearing or discovery should be granted a court must consider the requisite analysis of both sections § 2254(d) and § 2254(e)(2). *See generally Schiro v.*

*Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

This implication impacts the Court's consideration of Johnson's second argument that the Kentucky Supreme Court did not adjudicate his claims "on the merits" because he was not permitted to conduct discovery in the state post-conviction process. Put simply, Johnson's argument invites the Court to make a preliminary determination of whether § 2254(d) applies to his claims. At this juncture, this Court has not yet ruled on the merits of Johnson's habeas petition, including the specific questions of whether Johnson's state court claims were adjudicated on the merits and how his claims, if decided "on the merits," hold up when examined under § 2254(d).

Considering *Pinholster*, the Court may: (1) deny petitioner's motions without prejudice pending § 2254(d) review of the petition by the district judge; (2) permit the petitioner to conduct any factual development on the front-end, with the caveat that any new evidence will be put aside and may only be considered after § 2254(d) review of the petition; or (3) conduct a preliminary § 2254(d) review to determine whether any new evidence could even be considered.

The Court finds that the most prudent approach is to defer the decision as to whether discovery or an evidentiary hearing are appropriate until the Court conducts a review of Johnson's claims on the merits under § 2254(d). This Court cannot rule on Johnson's present motion without also considering the threshold merits of Johnson's underlying habeas claims. *See Sadler v. Howes*, 541 F. App'x 682, 692 (6th Cir. 2013) ("Because the state appellate court's actions satisfies § 2254(d)'s on-the-merits requirement, the district court's denial of an evidentiary hearing was true to [*Pinholster*]."). Allowing discovery or an evidentiary

hearing would be both expensive and time consuming, and because any new evidence derived from these sources may never be considered by the Court, it is best to delay ruling on the present motion. This practice is consistent with other courts in this District. *See e.g., Sanders*, 2015 WL 711262, at *1; *Hodge*, 2015 WL 205216, at *2 (affirming a recommended disposition denying a request for discovery and an evidentiary hearing without prejudice before deciding threshold issues implicated by § 2254(d)); *Caudill v. Conover*, 871 F. Supp.2d 639, 650 (E.D. Ky. 2012) (same).

V.

Accordingly, **IT IS ORDERED** that Petitioner Johnson's motion for discovery and an evidentiary hearing (DE 32) is **DENIED WITHOUT PREJUDICE**. The Court will address his motion as if it were part of the habeas petition itself.

If the Court finds that state court's determination of claims raised in Johnson's petition were either "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "w[ere] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" 28 U.S.C. § 2254(d)(2), Johnson will be able to renew the motion at that time.

Dated March 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY